UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 26-1305 (DSD/SGE)

Omar G.,

Petitioner,

v.

**ORDER**

Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; Sirce Owen, Acting Director of Executive Office of Immigration Review; Executive Office of Immigration Review; and John Doe, Local Detention Authority,

Respondents.

IT IS HEREBY ORDERED THAT:

1. Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner Omar G. by no later than February 13, 2026, certifying the true cause and proper duration of Petitioner's

confinement and showing cause why the writ should not be granted in this case.

2. Respondents' answer should include:

   a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

   b. A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;

   c. Respondents' recommendation on whether an evidentiary hearing should be conducted;

   d. Respondents' view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) and similar cases preceding and noted in Elias; and

   e. Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release.

3. If Petitioner intends to file a reply to respondents' answer, he must do so by no later than February 15, 2026. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

4. Respondents are ENJOINED from moving petitioner outside of Minnesota until further order of the Court, so that petitioner may consult with counsel while the Court is considering the petition, and so that there is no risk that removal of petitioner from Minnesota will deprive this Court of jurisdiction over the petition. If petitioner has already been removed from Minnesota, respondents are ORDERED to immediately return petitioner to Minnesota.

Dated: February 11, 2026

/s David S. Doty
David S. Doty, Judge
United States District Court