UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 26-1305 (DSD/SGE)

Omar G.,

Petitioner,

v.

**ORDER**

Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement; U.S. Immigration & Customs Enforcement; U.S. Department of Homeland Security; Sirce Owen, Acting Director of Executive Office of Immigration Review; Executive Office of Immigration Review; and John Doe, Local Detention Authority,

Respondents.

This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition.

Petitioner Omar G. a native and citizen of Honduras and has status under Deferred Action for Childhood Arrivals (DACA). Pet. ¶¶ 3-4, 16. Omar has been in respondents' custody since February

9, 2026, after his warrantless arrest. Id. ¶¶ 2, 37. Respondents do not contend that he has committed any crime.

Through his petition, brought under 28 U.S.C. § 2241, Omar challenges his detention and requests immediate release or an expedited bond hearing, as well as declarative relief. The narrow issue presented is whether Omar is subject to 8 U.S.C. § 1225(b)(2), which mandates detention, or 8 U.S.C. § 1226, which is discretionary with respect to detention pending a bond hearing. Omar argues that respondents have erroneously classified him as falling under § 1225(b)(2), which violates his Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations, the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), and the Fourth Amendment.

The issue presented has been ruled on by many judges in this district and beyond. The great weight of authority persuasively holds that Omar and others in his circumstances have been improperly detained under § 1225(b)(2) and should be allowed the processes available under § 1226. See Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) (collecting cases). Indeed, courts have overwhelmingly ruled that § 1225(b)(2) applies to applicants "seeking admission," and that § 1226 applies to "aliens already in the country." See id. The court agrees with such authority and will follow suit without additional discussion.

Accordingly, **IT IS HEREBY ORDERED that t**he petition for writ of habeas corpus [ECF No. 1] is granted as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, under the discretionary provisions of 8 U.S.C. § 1226;

2. Petitioner must be immediately released from detention under 8 U.S.C. § 1226(a), as he was arrested without a warrant and is not alleged to have committed any crime; and

3. Upon petitioner's release, respondents shall return to him any employment authorization documentation and any other identification documentation seized on his arrest.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 17, 2026

/s David S. Doty
David S. Doty, Judge
United States District Court